**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| PRESTON WADE SIMPSON,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | No. 1:22-CV-27-NCC |
| ) | |
| JOEL J. SCHWARTZ and BRIANNE    ) | |
| ROSE BESHEER,    ) | |
| ) | |
| Defendants.    ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Preston Wade Simpson, an inmate at the Farmington Correctional Center, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $51.94. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice, and will deny as moot plaintiff's motion to appoint counsel.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $259.72 and an average monthly balance of $85.81. The Court will therefore assess an initial partial filing fee of $51.94, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 against attorneys Joel Schwartz and Brianne Besheer.[1] He invokes this Court's federal question jurisdiction, and states he seeks to vindicate violations of his Sixth Amendment right to the effective assistance of counsel. Plaintiff alleges as follows.

In October of 2015, Schwartz was hired to represent plaintiff in *State of Missouri v. Simpson*, No. 15SD-CR00840-01 (35th Jud. Cir. 2015) (hereafter "*State v. Simpson*"),[2] a criminal case in which plaintiff was charged with failing to register as a sex offender. Schwartz did not appear in the case personally, and instead sent Besheer. In the course of serving as his defense attorney, Besheer violated plaintiff's Sixth Amendment right to the effective assistance of counsel by coercing him into pleading guilty, giving him the wrong advice, failing to introduce certain evidence, and other such wrongdoing. Regarding Schwartz, plaintiff alleges that because he is "a founding father" of his law firm, he is liable for Besheer's wrongdoing. (ECF No. 2 at 7). Plaintiff's allegations establish that all of the alleged wrongdoing occurred within the scope of serving as his defense counsel in *State v. Simpson.*

Plaintiff claims he later learned that the State did not have a strong case against him, and that but for the defendants' wrongdoing, he would not have pleaded guilty. Attached to the complaint are court documents from *State v. Simpson,* letters written by plaintiff and his mother, bills and receipts, utility statements, and other documents. It is apparent that plaintiff provided

---

[1] In the caption of the complaint, plaintiff uses the surname Besheer to refer to this defendant. In the complaint, plaintiff notes that this defendant is also known by the surname Joggerst, and at times refers to her using that surname. In this Opinion, Memorandum and Order, the Court will refer to this defendant using only the surname Besheer.

[2] Information for this case is not currently available on Missouri Case.net, but plaintiff has provided the Court with numerous documents therefrom.

these documents to establish his innocence of the charges in *State v. Simpson,* and support his claim that the defendants violated his rights by coercing him into pleading guilty.

After filing the complaint, plaintiff filed six pieces of informal correspondence addressed to the Clerk of this Court. (ECF No. 8, 10, 11, 12, 13, and 14). None of the documents contain additional allegations against Schwartz or Besheer.  In document numbers 8 and 10, plaintiff lists several song titles, and asks the Clerk of Court to "add the following song(s) to the record" of this case. (ECF Nos. 8 and 10). In document number 11, plaintiff advises the Clerk that he intends to write a book and fund the project with the proceeds from this lawsuit, and "cultivate medical herbs." (ECF No. 11).  In documents 12 through 14, plaintiff lists what appear to be song titles.

## Relevant Prior Litigation

On February 14, 2017, in the matter *Simpson v. State*, No. 17SD-CC00013 (35th Jud. Cir. 2017), plaintiff filed a motion to vacate, set aside, or correct the judgment in *State v. Simpson*. On January 24, 2019, plaintiff's amended motion for post-conviction relief was sustained, and his plea and sentence were vacated. The Court granted relief based on a finding that plaintiff had received ineffective assistance of counsel, and that such ineffectiveness rendered his guilty plea involuntary.  Subsequently, the State announced that it was continuing with its criminal prosecution of plaintiff for failure to register as a sex offender.[3]

In July of 2020, plaintiff filed a complaint in this United States District Court, seeking relief pursuant to 42 U.S.C. § 1983 against Schwartz, Besheer, and other individuals involved in *State v. Simpson*.  *See Simpson v. Mayer, et al.,* No. 1:20-cv-159-DDN (E.D. Mo. Dec. 1, 2021)

---

[3] This Court takes judicial notice of the Missouri State Court record before it, as obtained through the public records published on Missouri Case.net.  *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

(hereafter "*Simpson I*"). Plaintiff sought and was granted leave to proceed *in forma pauperis*. As in the case at bar, plaintiff's allegations against Schwartz and Besheer concerned alleged wrongdoing committed within the scope of serving as his defense counsel in *State v. Simpson.* Briefly, plaintiff claimed that Schwartz never personally appeared in his case, Besheer coerced him into pleading guilty and gave him the wrong advice, and Schwartz should be held liable for Besheer's actions because he was a founding member of his law firm.

On December 1, 2021, the Court dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B) after determining that the complaint failed to state a claim upon which relief may be granted. Regarding Schwartz and Besheer, the Court determined that because private attorneys were not state actors and plaintiff had not alleged that they were willful participants in joint activity with the State or its agents, the complaint failed to state a claim under 42 U.S.C. § 1983. Plaintiff appealed the decision, and on February 3, 2022, the United States Court of Appeals for the Eighth Circuit summarily affirmed it. *See Simpson v. Mayer, et al.,* No. 21-3894 (8th Cir. 2022).[4]

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United

---

[4] This Court takes judicial notice of the foregoing prior litigation, the records of which are public records filed in this United States District Court and which relate closely to the case at bar. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (citations omitted) (district court could "take judicial notice, whether requested or not . . . of its own records and files, and facts which are part of its public records . . . Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it.").

States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In *Simpson I*, plaintiff's *in forma pauperis* complaint asserted the same allegations against Schwartz and Besheer as are asserted in the instant *in forma pauperis* complaint. The *Simpson I* Court determined that the allegations failed to state a claim upon which relief may be granted, and dismissed them, along with the rest of the action, pursuant to 28 U.S.C. § 1915(e)(2)(B). In *Denton v. Hernandez*, the Supreme Court held that while a dismissal under an earlier version of 28 U.S.C. § 1915(e)(2)(B) "does not prejudice the filing of a paid complaint making the same allegations," it "could . . . have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions." 504 U.S. 25, 34 (1992). Subsequently, the Eighth Circuit determined that a dismissal under an earlier version of 28 U.S.C. § 1915(e)(2)(B) has res judicata effect on frivolousness determinations for future *in forma pauperis* complaints. *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (citing *Denton,* 504 U.S. 25). Similarly, in *Pointer v. Parents for Fair Share*, the Eighth Circuit affirmed the dismissal of an *in forma pauperis* complaint under § 1915(e)(2)(B) on the basis of res judicata where an earlier, similar complaint was dismissed as frivolous under the statute. 87 F. App'x. 12 (8th Cir. 2004). Based upon this precedent, the Court concludes that the dismissal of *Simpson I* has res judicata effect upon the determination that the instant complaint fails to state a claim upon which relief may be granted against Schwartz and Besheer.

Even if plaintiff had not brought these same claims against Schwartz and Besheer in *Simpson I,* this action would be dismissed for failure to state a claim. In this case, plaintiff alleges that Schwartz and Besheer violated his Sixth Amendment rights in the course of representing him in *State v. Simpson.* According to plaintiff's allegations, all of the alleged

6

wrongdoing fell within the scope of the defendants' representation of him during those proceedings. Plaintiff alleges nothing permitting the inference that either defendant's actions could be considered attributable to the State. "The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim." *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980). *See Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (attorneys, whether appointed or retained, who represented plaintiff in criminal proceeding did not act under color of state law and were not subject to suit under § 1983). Therefore, the allegations in the complaint cannot establish that plaintiff's federally-protected rights were violated by a person acting under color of state law. As a result, the complaint fails to state a claim under 42 U.S.C. § 1983. *See West,* 487 U.S. at 48.

For all of the foregoing reasons, the Court concludes that the complaint fails to state a claim upon which relief may be granted, and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $51.94.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 5) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 15th  day of  June, 2022.

                                                  HENRY EDWARD AUTREY
                                         UNITED STATES DISTRICT JUDGE